IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division



NORMA A. ANDERSON
    Plaintiff,

v.                                                      Civil Action No. 2:11cv192

KROGER LIMITED PARTNERSHIP I,
    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Kroger Limited Partnership I's ("Defendant") Motion for Summary Judgment, filed October 7, 2011. For the reasons stated herein, Defendant's Motion is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Norma Anderson ("Plaintiff") is an individual residing in Virginia Beach, Virginia. Defendant Kroger ("Defendant") is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business in Ohio. Plaintiff's Complaint seeks damages in the amount of $5,000,000. This Court thus has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

This case arises out of a slip-and-fall accident that occurred at a Kroger store located at 3330 Virginia Beach Boulevard in Virginia Beach, Virginia. On July 6, 2010, Plaintiff entered the Virginia Beach Kroger store to pick up a prescription. (Dep. of Norma Anderson, 26-27.) After being told that her prescription was not ready, Plaintiff purchased a few grocery items and went out to her vehicle to get her shopping bags. (Id. at 30.) When she returned to the store entrance, she paused briefly to allow a Kroger employee to push a line of shopping carts into the store. (Id. at 35.) Three to four seconds later,

Plaintiff entered the store and tripped and fell face-forward onto the ground below, suffering serious injuries. (Id. at 32, 34, 41, 102.)

On February 25, 2011, Plaintiff filed a complaint against Defendant in the Circuit Court for the City of Virginia Beach alleging negligence and seeking $5,000,000 in damages and costs. In her Complaint, Plaintiff alleges that Defendant "negligently failed to secure to the ground the carpet located near the main entrance" of the store and "negligently allowed the carpet located near the main entrance of the Kroger store to cock up, wrinkle, fold, bunch up, or otherwise accumulate . . . creating a hazardous condition." (Pl.'s Compl. ¶¶ 12(a)-(b).) Plaintiff claims that she tripped on the "cocked up" or "folded up" carpet and that this was the proximate cause of her injuries. (Id. at ¶ 9.) On March 29, 2011, Defendant filed an Answer to Plaintiff's Complaint denying any breach of duty or act of negligence. Kroger subsequently removed this action to this Court and now moves for summary judgment.

## II. STANDARD OF REVIEW

In reviewing a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court construes all facts and inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007) (citing United States v. Diebold, Inc., 369 U.S. 564, 655 (1962); Saucier v. Katz, 533 U.S. 194, 201 (2001)). The Court will grant such a motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. Summary judgment is warranted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." Id. at 323-24.

The moving party bears the initial burden of showing "the absence of an essential element of the nonmoving party's case and that it is entitled to judgment as a matter of law." Honor v. Booz-Allen & Hamilton, Inc., 383 F.3d 180, 185 (4th Cir. 2004). Once the moving party satisfies this burden, the

nonmoving party then must recite specific facts showing that there is a genuine dispute of fact which merits a trial. Id. (citing Matsuhita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Summary judgment "will be granted unless a reasonable jury could return a verdict for the nonmoving party on the evidence presented." Honor, 383 F.3d at 185.

### III. ANALYSIS

To establish a *prima facie* case of negligence, Plaintiff must show that: (i) Kroger owed her a duty of care, (ii) the floor mat in the entryway constituted an unsafe condition, (iii) that unsafe condition was the proximate cause of Plaintiff's accident, (iv) Kroger had actual or constructive notice of the defect and failed to warn customers or to correct the defect within a reasonable period of time and (v) Plaintiff has suffered damages. Griffin v. Wal-Mart Stores, Inc., No. 3:94cv941, 1995 U.S. Dist. LEXIS 6507 (E.D. Va. April 10, 1995) (citing Gauldin v. Virginia Winn-Dixie, Inc., 370 F.2d 167, 169 (4th Cir. 1966)). In its Motion for Summary Judgment, Defendant contends that Plaintiff cannot prove any of these elements.

#### A. Plaintiff's Ability to Prove the Existence of an Unsafe Condition

To prove the existence of an unsafe condition or defect, Plaintiff must show that Defendant's conduct deviated from the ordinary standard of care. Morrison-Knudsen Co. v. Wingate, 254 Va. 169, 173 (1997) ("The burden was upon the plaintiff to show that the defendants deviated from the standard of ordinary care, either by failing to observe some applicable trade customs and building code provisions or by some other defalcation"). "[T]he mere happening of an accident, without more, is not proof of negligence." Griffin, 1995 U.S. Dist. LEXIS 6507. In the instant case, Plaintiff alleges that the presence of a floor mat in the entranceway of the Kroger store created a hazardous condition. Defendant states that Plaintiff has no evidence to support this contention, and points to the fact that Plaintiff herself admitted that she "didn't notice anything about [the floor] being wrong or anything" as she entered the store. Defendant contends that Plaintiff's lack of evidence – other than Plaintiff's "own instincts" – fails to establish any defect or dangerous condition which would give rise to any legal duty on Defendant's part.

However, Plaintiff presents the deposition testimony of store customer Robert Myers, who observed Plaintiff fall, noticed that the mat was rolled up where Plaintiff had fallen, and reported to the store manager that Plaintiff had "tripped on the mat." (R. Myers Dep. at 16 ¶ 2.) Myers testified that immediately after the fall, the mat "was sticking up on the end of it over there and that [Plaintiff] tripped on it and that they needed to replace the mat. I told that to the manager. . . . [T]he manager came and said, 'What happened?' And I told him, 'Well the mat was sticking up and she tripped on it and fell over.' I said, 'You know the mat is wore out, change it before somebody else falls.'" (Id. at 59 ¶¶ 5-17.) Myers, who installs commercial floor coverings for a living, further testified that the mat was too short to fit inside its frame, that it thus had a tendency to roll up, and that this condition had existed for a long time. (Id. at 62 ¶¶ 22-24; 63 ¶¶ 13-18.) As he stated:

> "It's never been properly installed . . . Because the mat is too short for the hole. It's supposed to be big enough to go under these pieces of trim; that's properly installed . . . it's not secured underneath these trims. It hasn't been for the longest time. Like I said, it comes up every now and then and you've got to kick it back in."

(Id. at 62 ¶ 15; 63 ¶ 7.) Plaintiff also points to the testimony of Trent Mitchell, the Kroger employee who had pushed the carts through the door just before Plaintiff fell, who stated at his deposition that he was directed by his supervisor to adjust the mat following the incident. (T. Mitchell Dep. at 11 ¶¶ 11-23; 12 ¶¶ 3-16.)

Defendant relies on the fact that Myers testified that he did not see the condition of the floor mat immediately prior to Plaintiff's fall and that he never previously made a complaint to Kroger about the condition of the floor mat to assert that Plaintiff cannot prove (1) that a dangerous condition existed at the time of her fall or (2) that Kroger knew of this dangerous condition and failed to act. However, at the summary judgment phase, we must construe the facts in the light most favorable to Plaintiff, as the non-moving party. Here, Plaintiff has put forth evidence which, at minimum, creates a genuine dispute of material fact as to whether the floor mat constituted a dangerous condition and whether Kroger was aware of this condition.

### B. *Plaintiff's Ability to Prove Proximate Cause*

A claim for negligence is only actionable where the alleged negligence is the proximate cause of the plaintiff's accident and injury. Roll 'R' Way Rinks v. Smith, 218 Va. 321, 329 (1977). Thus, under Virginia law, "it is incumbent on the plaintiff who alleges negligence to show why and how the accident happened and, if that is left to conjecture, guess or random judgment, he cannot recover." Murphy v. Sanders, Inc., 202 Va. 913, 917 (1961) (affirming summary judgment for defendant where plaintiff was the sole witness to testify regarding an accident in which a can at a grocery store fell from a stack onto plaintiff's hand). Defendant asserts that neither Plaintiff, nor any of her witnesses, can establish that she tripped over the floor mat or that the floor mat caused her to fall. In support of this contention, Defendant relies heavily on Plaintiff's statement that, "I can't say I know exactly [what caused me to fall]. I just – since my shoe was stuck in the mat afterwards, I assumed there was something wrong with the mat."

However, Kroger's own employee, Teresa Killen, who helped prepare the incident report near the time of Plaintiff's fall, wrote in that report that Plaintiff "tripped over mat coming in front door and fell." (P. Dyer Dep. at 28 ¶ 24-25; 29 ¶¶ 1-5.) Similarly, Trent Mitchell testified that he gave a witness statement shortly after the accident in which he stated, "Ms. Norma came behind me and fell. I turned around. She was on the ground. I noticed that the rug was up as she was down on the floor." (T. Mitchell Dep. at 34 ¶¶ 18-24.) Killen also testified that, shortly after the incident, she noticed other store employees "fixing" the mat and pushing it down to "make sure it was leveled down so nobody else would fall." (T. Killen Dep. at 12 ¶¶ 1-13, 22-25; 13 ¶¶ 1; 20 ¶¶ 2-17.)

Defendant points to the holding in Rogerson v. Wal-Mart Stores, Inc., No. 4:94cv161-BO(2), 1995 U.S. Dist. LEXIS 19942 (Dec. 12, 1995), to argue that plaintiff cannot show negligence merely by showing that the mat was defective *after* her fall. In Rogerson, the plaintiff tripped on a carpet in the entrance of a Wal-Mart. The plaintiff admitted that she did not notice the carpet upon entering the store and that she only noticed a bulge or fold in the carpet after her fall. Id. at *6-7. Because the plaintiff

identified no witnesses who noticed anything irregular about the carpet prior to the plaintiff's fall, the court granted summary judgment in favor of the defendant. Id. However, unlike in Rogerson, Plaintiff here has identified a witness, Robert Myers, who testified that he had, on several other occasions, noticed that the floor mat at the entrance of the Kroger store was defective. Plaintiff has also proffered incident reports prepared by Defendant's own employees that indicate that Plaintiff tripped over the mat and testimony that, following the incident, Defendant's employees

Although the testimony of the Kroger employees and other witnesses upon which Plaintiff relies does not prove that the mat was in a defective state prior to Plaintiff's fall or that the mat caused her to fall, Plaintiff has met her burden of demonstrating a genuine issue of fact in dispute. That Plaintiff has no direct evidence of what caused her to fall is not fatal to her case, as she may prove negligence and proximate cause through circumstantial evidence. See Fobbs v. Webb Bldg. Ltd. P'ship., 232 Va. 227, 230 (1986) (reversing the trial court's setting aside of the verdict in the plaintiff's favor in a slip-and-fall case where the evidence showed it was raining outside, that the entrance to the building was wet, and water was seen by witnesses around plaintiff's feet, despite the lack of any eyewitness to the fall); Charles v. Commonwealth Motors, Inc., 195 Va. 576, 579 (1954) (finding proximate cause where plaintiff showed that she fell after stepping off a matted portion of a ramp onto an unmatted portion, which was slick). Indeed, in Fobbs, the court found that:

> Although Fobbs could not say what caused her fall, she did testify that she stepped on something which was very slippery. Other witnesses testified that both before and after she fell, they observed water on the terrazzo floor in the vicinity of the fall. From this directed circumstantial evidence, the jury reasonably could have found that the accumulation of water on the terrazzo floor in the vicinity of the elevators constituted a hazardous condition that caused Fobbs to call. The jury also could have concluded that the Webb building knew or, in the exercise of ordinary care, should have known of the condition and failed to use ordinary care to correct the hazard or warn Fobbs of the danger.

Id. at 231.

Plaintiff has offered evidence that she believed she had tripped over the mat, that other witnesses concluded that she had tripped over the mat, and that a regular Kroger customer had

previously, on several occasions, noticed that the mat tended to roll up. Just as the court in Fobbs found that this type of circumstantial evidence was sufficient to support a finding of proximate cause, we find that Plaintiff has presented sufficient evidence that the mat was the proximate cause of her fall and resulting injuries to make it past the summary judgment stage.

### C. *Plaintiff's Ability to Prove that Kroger was on Notice of the Defective Condition*

Plaintiff need not prove that the defendant had actual notice of the defect to prevail on a claim of negligence. Memco Stores Inc. v. Yeatman, 232 Va. 50, 55 (1986). Rather, Plaintiff may defeat Defendant's motion for summary judgment by proving that Defendant had constructive knowledge of the defect. Id. To prove constructive knowledge, Plaintiff must show that the defect was noticeable and that it existed for enough time that it would be reasonable to conclude that Kroger was aware of the problem. Grim v. Rahe, Inc., 246 Va. 239, 242 (1993).

Defendant alleges that Plaintiff cannot prove notice because she does not know how and why the floor mat came to be in the condition it was in at the time of the incident. However, although Plaintiff admits that she cannot prove actual notice, Plaintiff has proffered testimony from a variety of witnesses that the mat was not attached to the surface of the floor by the aluminum framing designed for that purpose, that the mat had been "worn out" for at least some months before Plaintiff's fall, and that a store employee pushed a chain of shopping carts across the mat immediately before Plaintiff fell and noticed that the mat was "up." Taking this testimony as true, as we must, we find that Plaintiff has provided sufficient evidence that Defendant was on notice that the floor mat was defective to survive summary judgment. For the reasons stated herein, Defendant's Motion for Summary Judgment is hereby **DENIED**. The Clerk of Court is **DIRECTED** to transmit a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

Norfolk, Virginia

October 26, 2011

/s/
Robert G. Doumar
Senior United States District Judge